Spear, J.
The power to appropriate private property for general railroad purposes is given by section 3281 of the Revised Statutes, but whatever right a railroad company has to appropriate the property of others for the purpose of diverting a stream from its natural channel or bed is controlled by section 3284. Pertinent provisions of this' section are: “A company may, whenever it is necessary in the construction- of its road to cross a road or a stream of water, divert the same from its location or bed; but the company .shall, without unnecessary delay, place such road or stream in, such condition as not to impair its former usefulness.” The language of this statute is so plain as to hardly call for construction. By its terms the power to appropriate is limited to the necessity arising at the time of the construction of the road. And the rule which applies to the meaning of such a statute would seem to be as plain as any rule of law can be. It is that, the grant being a part of the sovereignty of the state, is presumed to embrace in its terms all that it was intended to grant at all; so that, as held in *12 Minturn v. Larue, 23 How. (U. S.), 435, “only such powers and rights can be exercised under them as are clearly comprehended within the words of the act or derived therefrom by necessary implication,” doubtful claims as to power being always resolved against the corporation. This rule has been so repeatedly held and enforced by our courts that it seems needless to enlarge upon it, and a brief -reference to some of the cases will suffice. Thus we find in Moorhead v. The L. M. Rd. Co., 17 Ohio, 340, that it is held that, “private acts of incorporation, which confer power to subject private property to public use, should be strictly construed,” and that the act of incorporation which gave power to the company to appropriate land for the construction of its road did “not confer upon the company a right to relocate their road after completing it upon the first location, and to condemn to the uses of the road private property.” Birchard, C. J., in the opinion, observes, this: “The corporators had the power to locate and construct a railroad.^ They could exercise this right but once without a further grant. To accomplish this object a most important attribute of sovereignty was bestowed upon them by the legislature — the extraordinary reserved power of subjecting the property of private individuals to a public use. If it was intended that this should be a continuing power, one that might be exercised, and re-exercised again and again, as often as might ■ suit the convenience of this company, the legislature should have so declared in express terms. They have not done so.” The same principle was recognized and applied in Currier v. The M. & C. Rd. Co., 11 Ohio St., 228, *13 the syllabus holding that “grants of corporate power, being in derogation of common right, are to be strictly construed — particularly where the power claimed is a delegation of the sovereign power of eminent domain.” A like holding was had in Atkinson v. The M. & C. Rd. Co., 15 Ohio St., 21. The same rule of construction is reaffirmed in Miami Coal Co. v. Wigton, 19 Ohio St., 560; also in Platt v. Pa. Co., 43 Ohio St., 228. And, as applied to municipal corporations, the rule of strict construction is recognized and enforced in Ravenna v. Pa. Co., 45 Ohio St., 118.
Perceiving no reason to change this rule established by our predecessors, and being of opinion that it has proper application to the facts of this case, we hold that, neither by the express terms of the statute nor by necessary implication, is any authority given the Company to make appropriation of private property for the purpose intended, the power given by the statute for that purpose having been exhausted by the exercise thereof in the construction of the road.
Attention is called to the case of Lorain County v. The L. S. & M. S. Ry. Co., 12 O. C. D., 805, as an authority in support of the contention of plaintiff in error. Without stopping to analyze that case we are not disposed to acquiesce in the reasoning and conclusion of the learned circuit court as applied to the facts of the case at bai. It is to be borne in mind that the provision respecting the diverting of streams from their location and bed is a special provision separate and distinct from the provisions for the building of side-tracks, depots, etc. The provision respecting the diverting of streams stands exactly as it stood *14 when enacted in the general incorporation act of May 1, 1852. The case of Moorhead v. The L. M. Rd. Co., supra, had been the declared law of Ohio for a number of years when the act above referred to was enacted. The section has, in other respects, been a number of times amended by subsequent acts of the general assembly; so that, the attention of that body having been thus called to the terms of the section, and presumably to the construction given language of similar import in previous enactments giving authority of a similar character, it is reasonable to presume that had it been intended to confer the power to appropriate private property for the purpose indicated in section 3284, as a continuing power, one which might be exercised again and again, as often as a railroad company might desire, the general assembly would have so declared in express terms.

Judgment affirmed.

Shauck, C. J., Price, Crew and Davis, JJ., concur.